**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1383

LUIS ERNESTO CUBIAS ZEPEDA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 19, 2023                    Decided:  December 21, 2023

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Sheri R. Glaser, Senior Litigation Counsel, Kristen H. Blosser, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Ernesto Cubias Zepeda (Zepeda), a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's oral decision denying Zepeda's applications for asylum and withholding of removal. We deny the petition for review.

Here, the Board held that Zepeda waived review of the immigration judge's alternative, merits-based rulings by failing to address those aspects of the immigration judge's decision in his administrative appeal brief. Because those rulings were independently dispositive of the applications for asylum and withholding of removal, the Board declined to reach the issues that Zepeda did raise in the administrative appeal, which related to the immigration judge's adverse credibility finding (ACF) and adverse corroboration ruling, and affirmed the immigration judge's denial of relief on the alternative bases. Zepeda does not address these aspects of the Board's decision in his brief in this court. Accordingly, we hold that these issues are forfeited.[*] *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs); *see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its

_____

[*] Zepeda has also forfeited review of the immigration judge's denial of his claim for relief under the Convention Against Torture (CAT), which likewise was not raised in the administrative appeal and similarly is not raised in the brief submitted to this court. *See Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

2

argument—even if its brief takes a passing shot at the issue." (cleaned up)).  And while Zepeda does present extensive argument related to the immigration judge's ACF and ruling as to the lack of corroborating evidence, those arguments are not properly before us for review because the Board specifically declined to address those aspects of the immigration judge's ruling and, thus, did not rely on that rationale to affirm the order of removal.  *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that, "[w]hen the Board adopts the analysis used by the IJ [and] supplements it with its own reasoning, we review both decisions," but that "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision" (internal quotation marks omitted)).

Finally, to the extent that Zepeda presents a cursory challenge to the agency's alternative, merits-based rulings, we agree with the Attorney General that those issues are not exhausted because Zepeda did not raise them on appeal to the Board and, thus, they are not properly before this court.  *See Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although 8 U.S.C. § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule").  Accordingly, we deny the petition for review.  *See In re Cubias Zepeda* (B.I.A. Mar. 9, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3